UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SYLVERSTINE THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-1038 |
| ) | |
| MEISTER HEATING & AIR ) | |
| CONDITIONING, INC., a/k/a, ) | |
| MEISTER BROS. HVAC, INC.; ) | |
| PEORIA HOUSING AUTHORITY; ) | |
| HUD -- DEPARTMENT OF HOUSING ) | |
| AND URBAN DEVELOPMENT; ) | |
| L.R. DEVELOPMENT, INC.; ) | |
| CITY OF PEORIA; ) | |
| ) | |
| Defendants. ) | |

# O R D E R

Before the Court are cross-motions for summary judgment filed by Defendant, Meister Heating & Air Conditioning, Inc. ("Meister") [Doc. #50] and *pro se* Plaintiff, Sylverstine Thomas ("Thomas") [Doc. #53]. In addition, Meister has filed a Motion to Strike Plaintiff's Response to Motion for Summary Judgment and Reply [Doc. #57]. For the reasons that follow, Meister's Motion for Summary Judgment and Motion to Strike Plaintiff's Response and Reply will be granted. Thomas' Motion for Summary Judgment, on the other hand, will be denied.

## I.
### BACKGROUND

The following facts are uncontested. Thomas was employed by Meister from November 2000 until sometime in late April or early May 2001. On May 22, 2001, Thomas filed a Charge of Discrimination against Meister with the Illinois Department of

Human Rights and the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.  In particular, she alleged that on April 18 and 19 of 2001, she was racially and sexually harassed by a co-worker, eventually leading to her constructive discharge.[1]  She claimed that the co-worker called her the "N" word and threatened her with physical violence.  In response to these allegations, Meister admitted that one of its employees used improper language and references when addressing Thomas and was thereafter disciplined for such conduct.

Nonetheless, Thomas' Charge was dismissed by the EEOC on Nov. 22, 2002, after it concluded that Meister employed fewer than 15 employees and therefore was not subject to Title VII.  After receiving her Right-To-Sue Letter from the EEOC, Thomas filed the instant complaint against Meister on February 20, 2003, alleging claims for racial and sexual discrimination under Title VII.  Her complaint was later amended on July 8, 2004, to add the above-captioned parties who have subsequently been dismissed from this action.  See [Doc. #40].

## II.
### LEGAL STANDARD

The disposition of cross-motions for summary judgment requires the Court to determine as to each motion, whether "the pleadings, depositions, answers to interrogatories, and

---

[1] Thomas alleges that the harassing co-worker was her supervisor; however, she has failed to proffer any evidence in support of this allegation.

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court as to portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the movant has met its burden, to survive summary judgment the "nonmovant must show through specific evidence that a triable issue of fact remains on issues on which [s]he bears the burden of proof at trial." Warsco v. Preferred Tech. Group, 258 F.3d 557, 563 (7th Cir. 2001); see also Celotex Corp., 477 U.S. at 322-24. "The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence." Chemsource, Inc. v. Hub Group, Inc., 106 F.3d 1358, 1361 (7th Cir. 1997).

This Court must nonetheless "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989). In doing so, this Court is not "required to draw every conceivable inference from the

record -- only those inferences that are reasonable." <u>Bank Leumi Le-Isreal, B.M. v. Lee</u>, 928 F.2nd 232, 236 (7th Cir. 1991). Therefore, if the record before the court "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of material fact exists and, the moving party is entitled to judgment as a matter of law. <u>McClendon v. Indiana Sugars, Inc.</u>, 108 F.3d 789, 796 (7th Cir. 1997) (quoting <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986)).

In addition to Rule 56, Local Rule 7.1(D) governs motions for summary judgment in the Central District of Illinois. <u>See</u> CDIL-LR 7.1(D). While the technical requirements of Local Rule 7.1(D) do not apply to *pro se* litigants, such as Plaintiff, there are no exemptions from the requirements of Rule 56 under the Federal Rules of Civil Procedure. <u>See</u> CDIL-LR 7.1(D)(5). As a result, the Seventh Circuit requires that all *pro se* litigants be given adequate notice of the consequences of failing to properly respond to a motion for summary judgment. <u>See</u> <u>Timms v. Frank</u>, 953 F.2d 281, 285 (7th Cir. 1992).

In compliance with the Seventh Circuit's mandate, Thomas was provided with the following notice on January 12, 2006:

> NOTICE IS HEREBY GIVEN that a case-dispositive motion (such as a motion for summary judgment or motion for judgment on the pleadings) has been filed. . . .

4

> When a motion for summary judgment is made and properly supported, you may not simply rely upon the allegations made in your complaint. Rather, you must respond by affidavit(s) or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, a copy of which is attached. Your response must set forth specific facts showing that there is a genuine issue of material fact for trial. If you do not submit affidavits or other documentary evidence contradicting the defendants' assertions, the defendants' statement of facts will be accepted as true for purposes of summary judgment. **See Fed. R. Civ. P. 56(e)(attached)**.

[Doc. #51] (emphasis in original).

## III.
### ANALYSIS

Title VII of the Civil Rights Act of 1964 prohibits unlawful employment practices, including "discharge [of] any individual, or . . . discriminat[ion] against any individual . . . because of such individual's race, color, religion, sex, or national origin[.]"  42 U.S.C. § 2000e-2(a)(1).  Meister is subject to liability under Title VII, however, only if, at the time of the alleged acts of discrimination, it met the statutory definition of "employer" -- "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or proceeding calendar year . . . ."  42 U.S.C. § 2000e(b); see also Walters v. Metro. Educ. Enters., Inc., 519 U.S. 202, 205 (1997).  Since the alleged acts of discrimination in this case occurred in the year of 2001, the "current" and "proceeding" calendar years to be reviewed in determining whether Meister qualifies as a Title VII "employer" are 2001 and

5

2000, respectively. See Walters, 519 U.S. at 205; Komorowski v. Townline Mini-Mart & Rest., 162 F.3d 962, 965-66 (7th Cir. 1998) (per curiam).

In its motion for summary judgment, Meister contends that during the relevant time period it did not have "fifteen or more employees for each working day in each of twenty or more calendar weeks" and, therefore, should not be subject to liability under Title VII. In support thereof, Meister has submitted payroll check registers indicating that it had fewer than 15 employees during the following pay periods: (1) June 1, 2000 to September 29, 2000; and (2) January 1, 2001 to April 27, 2001. This evidence, however, is insufficient to establish that Meister did not employ "fifteen or more employees for each working day in each of twenty or more calendar weeks." Indeed, the payroll records submitted for the year 2000 cover only 17 weeks, failing to provide information regarding the other 35 weeks of the year. Likewise, the payroll records for the year 2001 also cover only 17 weeks of that year. Therefore, Meister could have easily employed 15 or more employees during the remaining 35 weeks of either calendar year.

Nevertheless, despite Meister's lack of evidence, whether a defendant is an employer under Title VII is an element that a plaintiff must prove as part of her prima facie case. See Thomas v. Meister Heating & Air Conditioning, Inc., 98 Fed. Appx. 508, 510-11 (7th Cir. 2004) (unpublished opinion); Walker v. Marca Constr. Inc., 2003 U.S. Dist. LEXIS 2120, at *5 (N.D.

6

Ill. February 12, 2003).  Once Meister alleged that it was not an "employer" under Title VII, the burden shifted to Thomas to introduce sufficient evidence "from which a reasonable juror could find that [Meister] employed at least fifteen employees for at least 20 [calendar] weeks" during the year 2000 or 2001. Walker, 2003 U.S. Dist. LEXIS 2120, at *5; see also Warsco, 258 F.3d at 563 (explaining that a party who bears the burden of proof on an issue may not rest on the pleadings, but must affirmatively demonstrate that there is a genuine issue of material fact).

As such, to avoid summary judgment, Thomas was required to counter Meister's factual assertions with "materials of evidentiary quality (such as affidavits or depositions)[,]" pointing to specific facts showing a genuine issue for trial. Green v. National Steel Corp., 197 F.3d 894, 899 (7th Cir. 1999); see also Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996).  Thomas, however, has proffered no such materials to controvert Meister's claim that it did not employ fifteen or more employees for at least 20 calendar weeks in either 2000 or 2001.  At most, Thomas submitted, along with her amended complaint, a copy of Meister's Illinois Employer's Contribution and Wage Report ("Wage Report") for the quarter ending June 30, 2001, which indicates that at some point in time during that 12 week period, Meister employed up to 16 persons. However, the Wage Report only covers a span of 12 weeks and does not indicate whether Meister employed all 16 persons for the

7

entire quarter.

Therefore, since Thomas has failed to "present sufficient evidence to show the existence of each element of [her] case on which [she] would bear the burden at trial[,]" this Court must grant summary judgment in favor of Meister. <u>Filipovic v. K & R Express Sys., Inc.</u>, 176 F.3d 390 (7th Cir. 1999). As a result, Thomas' motion for summary judgment under Title VII must be denied.

Furthermore, Thomas' Response to Motion for Summary Judgment and Reply [Doc. #56] is completely unresponsive to both Meister's Motion for Summary Judgment [Doc. #50] and its Response to Thomas' Motion for Summary Judgment [Doc. #55]. In addition, Thomas' Response and Reply attempts to raise claims outside the scope of her amended complaint and her EEOC Charge. Hence, Meister's Motion to Strike Plaintiff's Response and Reply [Doc. #57] will be granted.

IT IS THEREFORE ORDERED that Meister's Motion for Summary Judgment [Doc. #50] is GRANTED.

IT IS FURTHER ORDERED that Thomas' Motion for Summary Judgment [Doc. #53] is DENIED.

IT IS ALSO ORDERED that Meister's Motion to Strike Plaintiff's Response to Motion for Summary Judgment and Reply [Doc. #57] is GRANTED.

Entered this  5th  day of April, 2006.

        /s/ Joe B. McDade
        JOE BILLY McDADE
      United States District Judge